UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DANIEL RINEHART, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:19-CV-167-ACL |
| DONNA JULIAN, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Daniel Rinehart,[1] an inmate at Southeast Correctional Center ("SECC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $24.58. *See* 28 U.S.C. § 1915(b)(1). Additionally, as fully explained below, the Court will dismiss plaintiff's complaint without prejudice.

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

---

[1] Plaintiff's name is spelled "Danial Rinehart" in his state court cases. In his federal court cases, however, it is spelled "Daniel Rinehart." The Court will refer to plaintiff as Daniel Rinehart.

percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $122.92. The Court will therefore assess an initial partial filing fee of $24.58, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff was convicted in the Circuit Court of Cass County, Missouri of felony murder in the second degree, child endangerment in the first degree, statutory rape in the second degree, two counts of incest, and two counts of abandonment of a corpse. *State v. Rinehart*, No. 09CA-CR00116-01 (Cass Cty. filed Feb. 20, 2009). The charges stemmed from Rinehart's long-term sexual relationship with one of his daughters, which produced four children, three of whom died without receiving medical care. On November 13, 2012, the Missouri Court of Appeals, Western District, affirmed plaintiff's conviction on direct appeal. The mandate issued on December 5, 2012. Plaintiff did not appeal to the Missouri Supreme Court.

On March 7, 2013, plaintiff filed a pro se motion to vacate, set aside, or correct the judgment and sentence under Missouri Supreme Court Rule 29.15. With the assistance of counsel, plaintiff filed an amended motion on June 17, 2013. An evidentiary hearing was held on April 3, 2015, and on April 30, 2015, the state court issued an order denying the claims raised in the amended motion. Neither party raised a timeliness argument, and the state court did not address timeliness.

Plaintiff filed an appeal of the denial of his Rule 29.15 motion. *Rinehart v. State*, No. WD78708 (Mo. Ct. App. filed Jun. 9, 2015). On appeal, the state argued that plaintiff's Rule 29.15 motion was untimely filed, and that the circuit court had no authority to address the merits of plaintiff's claims. The state calculated that the motion was due on Tuesday, March 5, 2013, but not filed until Thursday, March 7, 2013. The Missouri Court of Appeals agreed with the state, and found plaintiff's 29.15 motion was filed two days late. On November 1, 2016, the Missouri Court of Appeals dismissed plaintiff's 29.15 motion as untimely. Plaintiff did not appeal this decision.

On July 10, 2017, plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court for the Western District of Missouri, seeking habeas corpus relief from his convictions in the state court. *Rinehart v. Lewis*, No. 4:17-CV-567-ODS (W.D. Mo. Jul. 10, 2017). The District Court found that the state court judgment against plaintiff became final on December 20, 2012, making his deadline for filing a § 2254 case December 20, 2013. It held that plaintiff's state court Rule 29.15 motion was not "properly filed" within the meaning of § 2244(d)(2), because it was filed two days late. Thus, the tolling provisions of the § 2244(d)(2) did not apply. Because the deadline for filing plaintiff's § 2254 petition was December 20, 2013 and he did not file his § 2244 petition until July 10, 2017, the District Court dismissed plaintiff's petition as untimely filed.[2]

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against defendant Donna Julian, the mail room supervisor at SECC. He states that he placed his Missouri Rule 29.15 motion

---

[2] On January 23, 2018, plaintiff filed a motion to reconsider the denial of his § 2254 motion. The District Court for the Western District ordered the government to respond. On March 1, 2018, the District Court entered a docket text order denying plaintiff's motion for reconsideration "for the reasons set out in Respondent's opposing suggestions." *Rinehart v. Lewis*, No. 4:17-CV-567-ODS (W.D. Mo. 2018).

in the prison property room for mailing on Friday, March 1, 2013, but defendant did not mail the motion until Monday, March 4, 2013. Plaintiff's filing deadline was March 5, 2013. The state court docketed the motion on March 7, 2013—two days late. At the time of this filing, Missouri did not have a mailbox rule. In Missouri, "a post-conviction motion is considered filed when deposited with the circuit court clerk, not when the motion is mailed." *Shields v. State*, 87 S.W.3d 355, 357 (Mo. Ct. App. 2002).[3]

The relief plaintiff seeks from this Court is unclear. In his statement of claim, when asked "what injuries did you suffer," plaintiff stated "none"; when asked "what did each defendant personally do, or fail to do, to harm you," plaintiff stated "none." In his attached typewritten statement, he states that he wants the Court:

> TO FINE THAT THIS C-O DONNA JUIAN AT FAULT AND REVER THIS LATE TO THE CASS COUNTY RINEHART BELIEVE HE HADED LOST TIME BECAUSE OF THE RULING ON THAT ON STATE ARGUEING ON TIME OF THE FORM 40 OF MR. RINEHART BELIEVE THAT SOME GOODTIME BE GIVE BACK TO HIM BECAUSE A LOT OF TIME LOST TIME.

ECF No. 1 at 7 [sic].

## Discussion

To the extent plaintiff is challenging the Missouri Court of Appeals' ruling of untimeliness on his Rule 29.15 motion, the Court must abstain under the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court

---

[3] On January 18, 2018, the Missouri Supreme Court amended its rule to state that "If the motion is sent to the sentencing court by first class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely." Mo. S. Ct. R. 29.15(b) (2018). This rule does not apply to plaintiff because his motion was filed in 2013. *See* Mo. S. Ct. R. 29.15(m) ("If sentence was pronounced prior to January 1, 2018, postconviction relief shall continue to be governed by the provisions of Rule 29.15 in effect on the date the motion was filed or December 31, 2017, whichever is earlier.").

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Additionally, this Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). For this reason, the Court will dismiss without prejudice plaintiff's complaint.

To the extent plaintiff is seeking monetary damages against defendant under § 1983, he has not alleged that defendant violated any constitutional right. Even if he had alleged a constitutional violation, § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). The actions plaintiff complains of occurred between March 1 and March 7, 2013. Plaintiff filed this § 1983 action on September 17, 2019, more than eighteen months after the statute of limitations had run. For these reasons, plaintiff's complaint brought against defendant Donna Julian pursuant to 28 U.S.C. § 1983 will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $24.58. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the complaint is **GRANTED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that the this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An order of dismissal will accompany this memorandum and order.

Dated this _20th_ day of February, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE